**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HARRY PARIKH,** | Civil Action No.: :09-cv-01652-DMC-JAD |
| **Plaintiff,** | Hon. Dennis M. Cavanaugh, U.S.D.J. |
| v. | Hon. Joseph A. Dickson, U.S.M.J. |
| UPS, et al., | **OPINION** |
| **Defendants.** | |

**DICKSON, U.S.M.J.:**

This matter comes before the court upon application by *pro se* Plaintiff Harry Parikh ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

### I.   BACKGROUND

On or about April 8, 2009, Plaintiff filed a Civil Rights Complaint again United Parcel Service (UPS), and UPS employees Ed Fegan, Julie Fields, and Annette Johnson alleging wrongful discharge. Plaintiff worked in the Accounting Department at UPS for nine years and, according to him, had a good reputation. Plaintiff alleges he was discharged after filing an internal discrimination complaint after being mocked for 'praying at his desk.' Plaintiff also alleges his race/ethnicity was degradingly questioned and he was told to "Go back where he came from."

1

Additionally, Plaintiff alleges he was told he was getting "too old" by Defendants and that there was a conspiracy of sort to rid the office of him.

Defendants answered that Plaintiff was discharged for falsifying his timecard. Further, Defendants point out Plaintiff was an at-will employee and could be fired at any time for any, or no cause.

Since the original (two page, handwritten) complaint was filed by Plaintiff, there have been countless issues between the parties ranging from number of depositions to be taken (Plaintiff originally requested seventeen), to location of depositions (moved twice), to mitigation efforts on the part of Plaintiff. There was also a dispute with respect to Plaintiff's adding of a cause of action regarding a violation of Americans with Disabilities Act.

Plaintiff is fifty-seven years old and had triple bypass heart surgery in 2006. He and his wife are currently unemployed. Plaintiff has contacted multiple attorneys in an effort to retain counsel, and has not found anyone willing to take his case. He has also contacted the Essex County Bar Association for assistance and remains a *pro se* plaintiff.

In his original complaint, Plaintiff sought $50,000,000.00 in compensatory damages together with punitive damages.

## II. DISCUSSION

Congress has proscribed the district court broad discretion in appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002). Nonetheless, the district courts must consider certain evaluative factors, including whether: (1) the claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an

attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rule of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the *pro se* party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the *pro se* party is unable to afford counsel on his/her own behalf. See Parham v. Johns, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). While no single factor is determinative, the Third Circuit has emphasized that as a threshold issue, the district court must make a determination as to the merits of Plaintiff's claims before engaging in further evaluation. See Tabron, 6 F.3d at 155.

In the present case, Plaintiff alleges he was wrongfully discharged. Specifically, Plaintiff alleges he was discharged after he made a complaint about discrimination of which he was the victim.

Assuming *arguendo* that Plaintiff's claims pass muster and establish the requisite merit in both fact and law, the Court must evaluate the remaining criteria in the *pro bono* analysis.

Upon sufficient showing of merit, the Court must then look to the ability of the plaintiff to present his case in determining whether to appoint counsel. Tabron, 6 F.3d at 156. Here, Plaintiff has demonstrated through his active (if not over-active) participation in this case for almost two years that he has an adequate understanding of his claims. Furthermore, he appears capable of performing the research necessary to develop his suit. He has responded to all motions and memos made by his adversary and has filed his own motions and plans to depose Defendants and witnesses on his own. Plaintiff's original complaint was handwritten, but the Court has since

requested that any document filed be typed and since then, Plaintiff has not filed anything since but explained he had been handwriting everything because his printer was broken. Plaintiff has clearly established that he is more than able to effectively present his case without an attorney.

Next, the Court must consider the complexity of the particular issues involved and the degree to which factual investigation expert testimony is required. See Tabron, 6 F.3d at 156. The issue in this case is whether Defendants wrongfully discharged Plaintiff by retaliating against him.[1] Plaintiff has not demonstrated at this stage of the proceedings that the factual claims are difficult to understand or that the legal issues involved are too complex such that the appointment of counsel is required. Indeed, Plaintiff suggests this case is rather straight-forward. While a factual investigation may be necessary to further his claims (multiple depositions are already scheduled), Plaintiff has shown that he is able to pursue this investigation on his own accord. Furthermore, unlike the plaintiffs in *Tabron* and *Parham*, Plaintiff is not currently incarcerated and thus has access to a variety of resources often unavailable to imprisoned individuals.

Finally, the ability of the plaintiff to obtain and afford counsel on his own behalf is an important factor. Plaintiff alleges that he is unemployed, but only argues generally that he cannot afford an attorney due to his financial situation. Plaintiff has explored some avenues in obtaining an attorney, but has certainly not exhausted all that are available. The Court is not fully convinced that Plaintiff cannot obtain an attorney. Nevertheless, financial ability is only one fact to consider and does not outweigh the others.

Accordingly, based on the extent of Plaintiff's filings, his demonstrated understanding of

---

[1] It also appears that Plaintiff is asserting a claim on the basis of religious and national origin discrimination.

4

his case and ability to articulate his claims, and the fact that he is not currently incarcerated and has access to a variety of resources, the appointment of *pro bono* counsel is not appropriate at this time.

### III.     CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **denied**.   An appropriate Order accompanies this Opinion.

*Joseph A. Dickson*
Joseph A. Dickson, U.S.M.J.


cc:     Hon. Dennis M. Cavanaugh, U.S.D.J.