NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
HARRY PARIKH,                                    :                    Hon. Dennis M. Cavanaugh
                                                 :
            Plaintiff,                           :                    **OPINION**
                                                 :
v.                                               :                    Civil Action No. 09-1652(DMC)(JAD)
                                                 :
UNITED   PARCEL   SERVICE,   INC.,:
EDWARD FAGAN, JULIE FIELDS, and:
ANNETTE JOHNSON,                                 :
                                                 :
            Defendants.                          :
_____


DENNIS M. CAVANAUGH, U.S.D.J.:

        This matter comes before the Court upon the Motion of Plaintiff Harry Parikh ("Plaintiff") for

an Extension of Time to File an Appeal.  ECF No. 92.  Pursuant to FED. R. CIV. P. 78, no oral argument

was heard.  After carefully considering the submissions of the parties, and based upon the following, it

is the finding of this Court that Plaintiff's Motion is **granted**.


I.    **BACKGROUND**

        This matter involves a dispute over the termination of an employee.  Plaintiff is Harry Parikh

("Plaintiff"), a former employee of United Parcel Service, Inc. ("UPS").  Plaintiff is representing himself

in this action.  Defendants are UPS and Plaintiff's former managers, Annette Johnson, Julie Fields, and

Ed Fagan (collectively, "Defendants").  In an Opinion and Order dated October 31, 2011, this Court

granted Defendants' Motion for Summary Judgment.  Plaintiff filed his Notice of Appeal with the Third

Circuit on December 12, 2011.  ECF No. 89.  As this Notice of Appeal was untimely, Plaintiff then filed

the present Motion for an Extension of Time to File an Appeal with this Court on December 28, 2011.

Defendants filed their Opposition on January 13, 2012.  ECF No. 94.  The matter is now before this

Court.


II.      **STANDARD OF REVIEW**

Rule 4(a)(1) of the Federal Rules of Appellate Procedure establishes the time limit for filing a

notice of appeal in a civil case: "the notice of appeal . . . must be filed with the district clerk within 30

days after the judgment or order appealed from is entered."  FED. R. APP. P. 4(a)(1).  Further, FED. R. APP.

P. 4(a)(5) permits this Court to extend the time to file a notice of appeal if: (1) a party moves for said

extension no later than 30 days after the time prescribed under Rule 4(a) ends; and (2) regardless as to

time, whether the party shows excusable neglect or good cause.  FED. R. APP. P. 4(a)(5)(A)(I); In re: Diet

Drugs Products Liab. Litig., 401 F.3d 143, 154 (3d Cir. 2005).


III.     **DISCUSSION**

The time for Plaintiff to timely file a Notice of Appeal ended on November 30, 2011.  Pursuant

to  FED. R. APP. P. 4(a)(5), Plaintiff then had an additional thirty days to file his Motion for an Extension

of Time to File an Appeal.  Plaintiff filed said Motion on December 28, 2011, which was within the thirty

day allotment.  Because Plaintiff satisfies the first prong of Rule 4(a), the Court must determine whether

he has also demonstrated excusable neglect.[1]

_____

[1]With the circumstances presented by Plaintiff, good cause is not applicable.  See
Lorenzen v. Employees Ret. Plan, 896 F.2d 228, 232 (7th Cir. 1990) ("The excusable neglect
standard applies in situations in which there is fault; in such situations, the need for an extension

The Third Circuit has held that excusable neglect under Rule 4(a) is to be reviewed using the test outlined in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380 (1993). See In re Diet Drugs Products Liab. Litig., 401 F.3d at 153. In Pioneer, the Supreme Court set forth the following factors for consideration: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for delay (including whether it was within reasonable control of movant); and (4) whether movant acted in good faith. The Court will review each in turn.

First, there appears to be little to no danger of prejudice to Defendants. Plaintiff filed the present motion within time frame permitted under the rules. The Third Circuit has held that a minimal time delay is not prejudicial. See In re Diet Drugs Products Liab. Litig., 401 F.3d at 154. Further, Defendants have not argued that they would suffer any prejudice by allowing Plaintiff to file his notice of appeal outside the normal time parameters. Therefore, this factor weighs in Plaintiff's favor.

Second, as previously mentioned, the length of delay in the instant motion is minimal. That minimal elapse of time does not reduce in any way Plaintiff's interest in appeal. This factor thus also weighs in Plaintiff's favor.

Third, the Court finds that the reason for the delay factor is essentially neutral. In considering Plaintiff's arguments, the Court notes that he proceeds pro se in this matter. While "pro se litigants are not excused from compliance with procedural rules," Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), the Court remains mindful of how Plaintiff's pro se status affects his prosecution of this case. See, e.g., Gilmore v. Macy's Retail Holdings, No. 06-3020, 2009 U.S. Dist. LEXIS 70691 at *6-7

---

is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.").

(Aug. 11, 2009) (considering pro se plaintiff's confusion regarding appeal process in excusable neglect analysis). In this matter, Plaintiff states that he was unable to access this Court's Opinion and Order granting summary judgment on the electronic filing system, that he never received a paper copy of the same, and that he was misinformed as to the appeal process and incorrectly filed an appeal with the New Jersey Supreme Court, Appellate Division on December 9, 2011. Additionally, Plaintiff argues that he contacted Defendants' counsel on November 21, 2011, regarding his inability to access the Opinion and Order, but Defendants counsel did not assist him.

Defendants argue that Plaintiff did have a copy of this Court's Opinion and Order before the expiration of his time to appeal, as evidenced by certification of the New Jersey Superior Court, Appellate Division, dated October 31, 2011, that Plaintiff submitted along with his Motion. Defendants additionally seize on their counsel's November 21, 2011 telephone conversation with Plaintiff as evidence that Plaintiff was in possession of this Court's Opinion and Order. Defendants thus argue that Plaintiff's excuses for missing the deadline are contradicted by the record before this Court. When viewing the circumstances of Plaintiff's neglect as a whole, however, the Court finds that the reason for the delay factor does not favor either party. Plaintiff's actions plainly demonstrate to this Court a lack of understanding of the appeals process. Although Plaintiff is not excused from compliance with these rules, and this factor cannot weigh in Plaintiff's favor simply because he is proceeding pro se, the Court is not convinced that this factor should weigh in favor of Defendants, either.

Finally, the Court finds that Plaintiff's actions demonstrate good faith. The record indicates that Plaintiff made efforts to continue the prosecution of his case. Plaintiff's telephone calls with Defendants' counsel, and his improper filing of an appeal with the New Jersey Supreme Court, Appellate Division, plainly indicate efforts to pursue his appeal. Also, as mentioned above, it appears from the record that

Plaintiff attempted to follow his case on the Court's electronic filing system, but may have had some technical difficulties in doing so.  The Court finds that these efforts demonstrate a good faith effort to comply with the rules of the court.

In looking at all of the circumstances surrounding Plaintiff's delay, this Court finds that Plaintiff has demonstrated that the delay in filing his Notice of Appeal is excusable.


IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **granted**.  An appropriate Order accompanies this Opinion.


        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:      April   3 , 2012
Orig.:     Clerk
cc:       All Counsel of Record
        Hon. Joseph A. Dickson, U.S.M.J.
        File